IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-160-BO-1
No. 5:11-CV-338-BO

| | |
|---|---|
| BOBBY LEE RAWLINGS, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 141]. Respondent has filed a Motion to Dismiss [DE 144] to which Petitioner has responded [DE 147], and the matter is ripe for ruling. For the reasons discussed below, the Government's Motion to Dismiss is granted.

## BACKGROUND

Petitioner, Mr. Rawlings, in addition to pleading guilty to charges of possession of a firearm by a felon, was convicted by a jury on March 27, 2007, of possession with intent to distribute cocaine on two occasions and of using and carrying firearms during and in relation to those drug trafficking offenses [DE 71]. Mr. Rawlings was sentenced by this Court to an aggregate 548-month term of imprisonment on March 17, 2008 [DE 98]. Mr. Rawlings filed a timely notice of appeal, and the Fourth Circuit Court of Appeals affirmed his convictions on January 4, 2010. Mr. Rawlings filed the instant § 2255 motion on June 27, 2011 [DE 141]. The Government asserts that Mr. Rawlings' motion is untimely.

## DISCUSSION

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four

events: when the judgment of conviction becomes final, when an impediment to making a motion that is created by the government is removed, when the Supreme Court initially recognizes a right, or when new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f). "For purposes of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Because he did not file a petition for certiorari, Mr. Rawlings' judgment of conviction became final ninety days after the Court of Appeals issued mandate following its affirmation his conviction. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). Mandate issued in the Fourth Circuit on January 26, 2010, giving Mr. Rawlings until approximately April 26, 2011 to file a petition for writ of certiorari. Mr. Rawlings' § 2255 motion was filed on June 27, 2011, well outside of one year following the date upon which his judgment of conviction became final. Mr. Rawlings' motion is therefore untimely under 28 U.S.C. § 2255(f)(1).

Equitable tolling of the one-year period of limitations governing § 2255 petitions is available only in rare circumstances. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). In order to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance" prevented him from filing on time. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).[1] Here, Mr. Rawlings has presented evidence that he was not made aware of the Fourth Circuit's opinion in his appeal until

---

[1] Although the *Holland* Court addressed a proceeding under 28 U.S.C. § 2254, the Fourth Circuit has applied the *Holland* standard for equitable tolling to proceedings under 28 U.S.C. § 2255. *See United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

2

more than a year after it was entered. Specifically, Mr. Rawlings alleges that the first time he was notified that his federal conviction had been affirmed was by letter dated February 26, 2011, from an attorney representing him in postconviction proceedings regarding a state court conviction.

The Supreme Court has held that attorney misconduct that constitutes more than a "garden variety claim" of negligence can rise to the level of an extraordinary circumstance such that equitable tolling of the period of limitations is justified. *Holland*, 130 S. Ct. at 2563-64. However, even if Mr. Rawlings' attorney's failure to communicate with him with regard to his appeal amounts to more than a garden variety claim of negligence, Mr. Rawlings has not demonstrated that he pursued his rights diligently. Unlike the petitioner in *Holland*, who demonstrated his diligence by presenting evidence of numerous letters to his lawyer and the courts enquiring about the status of his case, Mr. Rawlings has presented no evidence that he took such measures with regard to his own case. Notably, the petitioner in *Holland* filed a petition *the same day* he learned of his lawyer's failure to do so within the period of limitations; Mr. Rawlings waited *at least* one month before filing his own § 2255 motion with the court. Although Mr. Rawlings was indeed prejudiced by the fact that he did not receive timely notice from his attorney of the decision of the Fourth Circuit, he has failed to show the kind of diligence required of a petitioner in order for equitable tolling to apply. Accordingly, equitable tolling would be inappropriate in this matter and Mr. Rawlings' § 2255 motion is untimely.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse

3

to the applicant." Having determined Mr. Rawlings is not entitled to relief and the Government is entitled to dismissal of the petitions, the Court considers whether Mr. Rawlings is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Mr. Rawlings' claims debatable or wrong and none of the issue are adequate to deserve encouragement to

4

proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Because Mr. Rawlings' motion is untimely and fails to meet the requirements for equitable tolling, the Government's Motion to Dismiss is GRANTED and Mr. Rawlings' Motion to Vacate, Set Aside, or Correct Sentence is DISMISSED.

SO ORDERED, this _19_ day of October, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5