IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-160-BO

| | |
|---|---|
| BOBBY LEE RAWLINGS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>_____) | **O R D E R** |

This matter comes before the Court on petitioner Bobby Lee Rawlings's motion for production of case documents and the government's corresponding motion to dismiss. The matter is ripe for ruling and, for the following reasons, the government's motion to dismiss is granted.

## BACKGROUND

Petitioner Bobby Lee Rawlings was found guilty by a jury on March 27, 2007, of a number of crimes relating to drug trafficking and firearms. This Court imposed a total sentence of 548 months on March 17, 2008. Petitioner's convictions and sentence were affirmed by the Fourth Circuit Court of Appeals by an unpublished per curiam opinion decided January 4, 2010. Mr. Rawlings then filed a motion to vacate under 28 U.S.C. § 2255. This Court dismissed Mr. Rawlings's § 2255 and denied a certificate of appealability in an order dated October 19, 2011.

Mr. Rawlings filed a motion for reconsideration of the dismissal, which was denied on November 28, 2011. He then filed a motion for review and to reconsider, which were denied by order dated February 21, 2012. After filing a motion to compel discovery, which was denied, Mr. Rawlings appealed this Court's denial of his § 2255 and motion to compel discovery on December 2, 2012. The Fourth Circuit dismissed the appeal on April 22, 2013.

Mr. Rawlings then filed another § 2255 motion on July 27, 2015, which was dismissed on August 7, 2015. A certificate of appealability was denied. Petitioner then filed the instant motion, seeking the reproduction of all of his previous *pro se* filings and motions so he can file a future § 2255 claim based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

DISCUSSION

The government argues that petitioner's motion should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim under which relief can be granted. The Court agrees.

Petitioner requests copies of all of the *pro se* filings and motions in his case in support of a forthcoming motion to vacate under 28 U.S.C. § 2255.[1] "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery." R. 6(a) Fed. R. Gov. § 2255 Proceedings. A petitioner seeking discovery in support of a § 2255 petition, however, is required to provide a particularized need for the documents he is requesting in order to establish good cause. *Jones v. Superintendent, Virginia State Farm*, 460 F.3d 150, 153 (4th Cir. 1972); R. 6(b) Fed. R. Gov. § 2255 Proceedings. Here, petitioner has not articulated a particularized need for the requested documents, must less demonstrated such a need. He simply makes a blanket requests for all past filings with no explanation for how they pertain to his forthcoming request.

Were the Court to construe petitioner's motion as one for discovery under *Brady v. Maryland*, 373 U.S. 83 (1963), petitioner "can only speculate as to what the requested information might reveal and thus cannot satisfy Brady's requirements that the information be favorable to him and material to his guilt or punishment." *United States v. Woods*, 515 F. App'x

---

[1] Petitioner has already filed an unsuccessful motion to vacate his sentence. [DE 149].

2

222, 2013 WL 1245422 (4th Cir. Mar. 28, 2013). Accordingly, he fails to state a claim for relief under either a generalized discovery motion or a more particularized *Brady* motion because he has not explained why he needs the requested documents. The government's motion to dismiss, therefore, is granted, and petitioner's motion is dismissed.

Petitioner argues that this Court should refrain from ruling on his request because the Fourth Circuit Court of Appeals currently is considering his motion for permission to file a successive § 2255 motion. By order filed November 3, 2015, however, that motion was denied. *In re: Bobby Lee Rawlings*, No. 15-339 (4th Cir. Nov. 3, 2015) (order denying motion for authorization to file successive habeas application). Accordingly, this Court sees no reason to defer ruling on petitioner's instant motion.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 189] is GRANTED and petitioner's motion for the reproduction of records [DE 186] is DISMISSED.

SO ORDERED, this ___ day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE